
**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

FILED
APR 27 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| United States District Court | District EASTERN |
|---|---|
| Name WENDY FONG-JEFFRIES | Prisoner No. WE7728 | Case No. |

Place of Confinement  CENTRAL CALIFORNIA WOMEN'S FACILITY

Name of Petitioner (include name under which convicted)       Name of Respondent (authorized person having custody of petitioner)

WENDY FONG-JEFFRIES     v.    MICHAEL PALLARES, Warden (A)

The Attorney General of the State of: CALIFORNIA

**PETITION**   2:20-CV-0857   EFB HC

1. Name and location of court which entered the judgment of conviction under attack  SACRAMENTO COUNTY SUPERIOR COURT, 720 9th ST., SACRAMENTO, CA 95814

2. Date of judgment of conviction  SEPTEMBER 10, 2013

3. Length of sentence  LIFE WITHOUT PAROLE PLUS TWO YEARS

4. Nature of offense involved (all counts)  FIRST DEGREE MURDER; SPECIAL CIRCUMSTANCES; CREATING FALSE DOCUMENTARY EVIDENCE

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court **COURT OF APPEAL, THIRD APPELLATE DISTRICT**

   (b) Result **JUDGMENT/SENTENCE AFFIRMED**

   (c) Date of result and citation, if known **AUGUST 28, 2019; C074940**

   (d) Grounds raised **SEE ATTACHED PAGE**

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court **CALIFORNIA SUPREME COURT**

   (2) Result **PETITION DENIED**

   (3) Date of result and citation, if known **DECEMBER 11, 2019; S258227**

   (4) Grounds raised **SEE ATTACHED PAGE**

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court **N/A**

   (2) Result **N/A**

   (3) Date of result and citation, if known **N/A**

   (4) Grounds raised **N/A**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court **N/A**

    (2) Nature of proceeding **N/A**

    (3) Grounds raised **N/A**

9. (d):

1) The prosecution presented constitutionally insufficient evidence to apply the lying-in-wait special circumstance to Petitioner.

2) The jury instructions improperly allowed Petitioner to be found guilty of the lying in wait special circumstance without proof she knew or intended the murder be committed by lying in wait.

3) Because uncharged conspiracy is not a valid theory of accomplice liability, the trial court committed reversible error when it instructed the jury that Petitioner could be found guilty on a conspiracy theory of accomplice liability.

4) This court should reverse Petitioner's conviction for murder because the prosecution presented insufficient corroboration of incriminating accomplice testimony.

5) The trial court interfered with Petitioner's right to testify and to present a defense when it gave jurors accomplice instructions that undermined Petitioner's credibility.

6) Petitioner's trial was rendered fundamentally unfair by cumulative error.


9. (e)(4):

1) The lying-in-wait special circumstance requires an intent to commit murder by ambush that must be shared by any culpable accomplice.

2) The jury instructions incorrectly failed to require proof that Petitioner intended to aid and abet murder by ambush.

3) Uncharged conspiracy is not a valid theory of accomplice liability.

4) The evidence was insufficient to corroborate the incriminating accomplice testimony.

5) Other accomplice instructions interfered with Petitioner's right to present her defense.

6) Cumulative error.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result ___ N/A ___

(6) Date of result ___ N/A ___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___ N/A ___

(2) Name of proceeding ___ N/A ___

(3) Grounds raised ___ N/A ___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result ___ N/A ___

(6) Date of result ___ N/A ___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐ No ☐   N/A
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___ N/A ___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN INSUFFICIENT EVIDENCE WAS PRESENTED AS TO THE LYING-IN-WAIT SPECIAL CIRCUMSTANCE.

Supporting FACTS (state *briefly* without citing cases or law): The prosecution in this case acknowledged that petitioner did not personally murder Tony Ortega, the victim in this case. Instead, the prosecution argued petitioner knowingly and intentionally aided and abetted -CONT'D-

B. Ground two: PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE JURY INSTRUCTIONS INCORRECTLY FAILED TO REQUIRE PROOF SHE INTENDED TO AID AND ABET MURDER BY AMBUSH

Supporting FACTS (state *briefly* without citing cases or law): Beyond contesting the sufficiency of the evidence to prove the lying-in-wait special circumstance (ground one), petitioner also submits the trial court violated her Sixth Amendment right -CONT'D-

5 of 10

Ground one, continued:

Jeffries or Haven in committing murder. Petitioner argued that even if there was sufficient evidence to prove she aided and abetted murder, there was insufficient evidence to prove she aided and abetted capital murder – murder committed by lying in wait, the only special circumstance alleged in this case - and that her special circumstance should be reversed.

The Court of Appeal disagreed on two grounds, and the California Supreme Court denied review in this case. However, Petitioner submits the evidence is nonetheless insufficient to substantiate a special circumstance finding in this case. Specifically, both state and federal courts have held that accomplice liability has always required proof that the accomplice harbored at least the same intent as the direct perpetrator, and the lying-in-wait special circumstance requires proof of intent to ambush the victim. The California Supreme Court has ruled contrary to the Court of Appeal in the instant case, as has the United States Supreme Court. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.

Ground two, continued:

to a jury trial by failing to require that jurors find she intended to aid and abet murder by ambush. Relying on the same reasoning it used to reject Petitioner's sufficiency of the evidence claim, the Court of Appeal rejected this argument as well.

As is well-settled, the failure of jury instructions to require legally correct proof of Petitioner's intent to commit special circumstance murder violated her constitutional right to have a jury, rather than a judge, find the existence of each element of a charged offense beyond a reasonable doubt. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.

C. Ground three: <u>UNCHARGED CONSPIRACY IS NOT A VALID THEORY OF ACCOMPLICE LIABILITY, AND PRESENTATION OF THIS THEORY DEPRIVED PETITIONER OF HER DUE PROCESS RIGHTS</u>

Supporting FACTS (state *briefly* without citing cases or law):

During appeal, Petitioner argued that uncharged conspiracy is not a valid theory of accomplice liability. This argument was rejected by the Court of Appeal and California Supreme Court. -CONT'D-

D. Ground four: <u>THE EVIDENCE WAS INSUFFICIENT TO CORROBORATE THE INCRIMINATING ACCOMPLICE TESTIMONY, WHICH VIOLATED PETITIONER'S DUE PROCESS RIGHTS</u>

Supporting FACTS (state *briefly* without citing cases or law):

During appeal, Petitioner challenged the sufficiency of the evidence offered to corroborate Haven's testimony that incriminated her. The Court of Appeal found more than sufficient evidence to corroborate Haven's accomplice testimony -CONT'D-

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing JOHN BRENNAN, 901 H ST., STE. 200, SACRAMENTO, CA 95814
    (b) At arraignment and plea JOHN BRENNAN, 901 H ST., STE. 200, SACRAMENTO, CA 95814

Ground three, continued:

However, this is a valid argument and deserves full and fair consideration by a reviewing court.

The plain language of California Penal Code section 31 does not include uncharged conspiracy as a theory of accomplice liability. Instead, California Penal Code section 182 describes conspiracy as a substantive crime. Nothing within section 182 describes or defines conspiracy as a theory by which a defendant may be found guilty of a substantive offense other than the crime of conspiracy itself. The error at trial denied Petitioner her right to due process under the Fourteenth Amendment to the United States Constitution. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.


Ground four, continued:

in Petitioner's text messages.

Although it is true that the United States Constitution does not require corroboration of accomplice testimony it does require that the prosecution present constitutionally sufficient evidence to convict the defendant under the Fourteenth Amendment. Criminal cases in the state courts, of course, rely on state penal statutes and state evidentiary rules to determine the elements of crimes and the evidence that is admissible to prove those crimes. Thus, Petitioner's argument that the prosecution failed to present sufficient admissible evidence to convict her is one recognized under the U.S. Constitution.

Furthermore, the failure to reverse Petitioner's conviction for insufficient accomplice corroboration violates due process because it arbitrarily denies her the right to reversal as that right is defined by state law.

The prosecution's failure to present constitutionally sufficient evidence to corroborate Haven's testimony against Petitioner violated Petitioner's rights under the Fourteenth Amendment. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.

Ground five: OTHER ACCOMPLICE INSTRUCTIONS INTERFERED WITH PETITIONER'S RIGHT TO PRESENT HER DEFENSE, IN VIOLATION OF HER STATE AND FEDERAL CONSTITUTIONAL RIGHTS

Supporting facts: California jury instruction (CALCRIM) No. 301 advises jurors that accomplice testimony must be corroborated. This is also summarized within California Penal Code section 1111. At the same time, however, the California Supreme Court acknowledged that courts err when the instruct the jurors sua sponte to view with distrust accomplice testimony given on behalf of the defense.

The Court of Appeal rejected Petitioner's claim that this instruction as both improper and prejudicial. It held that accomplice instructions are permitted whenever an accomplice testifies, regardless of which party called the witness, so long as the instruction directs that the testimony is only suspect to the extent that it incriminates the defendant.

Even if the accomplice instruction does not violate the 14th Amendment's due process clause in these circumstances (and Petitioner does not agree with that assertion), it does improperly shift the burden of proof to the defense and interferes with the defendant's Sixth Amendment right to present a defense. The U.S. Supreme Court recognizes a broader right that criminal defendants must be afforded a meaningful opportunity to present a defense, and the Ninth Circuit has interpreted that mandate to include jury instructions on the defense's theory of the case.

Furthermore, the error in this case was prejudicial, contrary to the Court of Appeal's conclusion. Case law from other jurisdiction s has recognized that the mere fact of requiring the defense to corroborate its witnesses is so problematic that it must be prejudicial.

This Court should fully hear this particular claim because the accomplice instruction fatally undermines the credibility of the defense when that defense relies entirely upon favorable testimony from herself and a codefendant. Furthermore, the improper and confusing accomplice instruction violated Petitioner's federal constitutional rights to present a defense, and shifted the burden of proof to the defense, in violation of her rights under the Sixth and Fourteenth Amendments. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.


Ground six: THE CUMULATIVE ERROR DURING PETITIONER'S TRIAL VIOLATED HER STATE AND FEDERAL CONSTITUTIONAL RIGHTS

Supporting facts: During appeal, the California Court of Appeal rejected Petitioner's claim that the cumulative effect of the errors in her case violated her federal constitutional right to due process because it found no errors in the conduct of the trial. The United States Supreme Court has clearly established that the combined effect of multiple trial errors violates due process where it renders the resulting criminal trial fundamentally unfair. The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal. Based on controlling precedent, both the California Supreme Court and Court of Appeal denials of relief were in error, and Petitioner respectfully urges this Court grant relief.

(c) At trial JOHN BRENNAN, 901 H ST., STE. 200, SACRAMENTO, CA 95814

(d) At sentencing JOHN BRENNAN, 901 H ST., STE. 200, SACRAMENTO, CA 95814

(e) On appeal REBECCA P. JONES, 3549 CAMINO DEL RIO SOUTH, STE. D, SAN DIEGO, CA 92108

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) Give date and length of the above sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

4/22/20
Date

_____
Signature of Petitioner

## PROOF OF SERVICE

I hereby declare that I am over 18 years of age, a resident in the state of California, and ~~a party~~/not a party to the within cause of action, and that on this date, I did cause a true and correct copy of the _____ PETITION FOR WRIT OF HABEAS CORPUS to be served on the parties to the action by depositing same in the U.S. mail with first class postage prepaid and addressed as follows below:

UNITED STATES
DISTRICT COURT —
EASTERN DISTRICT
501 I ST., STE. 4-200
SACRAMENTO, CA 95814

## VERIFICATION

I have read the above statements and do declare upon penalty of perjury that these statements are true and correct as based upon my information and belief. Executed this 22 day of APRIL, 2020, at Chowchilla, California, pursuant to provisions of Code of Civil Procedure §§ 446 and 2015.5

_____
Declarant